**In re Darrell Lee YOUNG, Debtor.**

**Bankruptcy No. IP87–2728FP V.**

United States Bankruptcy Court,
S.D. Indiana,
Indianapolis Division.

July 26, 1988.

Kevin B. McCarthy, Indianapolis, Ind., U.S. Trustee.

John D. Hoover, Indianapolis, Chapter 12 Trustee.

Martin Shields, New Castle, Ind., for debtor.

ORDER ON MOTION REQUESTING DETERMINATION OF DISPOSABLE INCOME

RICHARD W. VANDIVIER,
Bankruptcy Judge.

This matter comes before the Court on the Motion Requesting Court Intervention for the Determination of Disposable Income filed by the Trustee on February 22,

1988. A hearing was held on April 4, 1988. The Court now decides as follows:

1. The Debtor filed for relief under Chapter 12 of the Bankruptcy Code on May 5, 1987. The Debtor and the Trustee have been unable to agree on how to determine what receipts from the 1987 season is disposable income available for distribution to unsecured creditors.

2. At the April 4, 1988, hearing, the evidence showed that at the end of 1987, the Debtor had a net operating balance of approximately $20,000.00. Federal and state taxes for 1987, payable in 1988, were approximately $3400.00 and $500.00 respectively. Projected living expenses for 1988 were $5000.00. The Debtor estimates his 1988 operating expenses will be about $12,-000.00. The Debtor had no outside income at the time of the hearing, but thought he would probably have to find a job later when money would get tight. In 1987, he received a loan of $3000.00 from his father, but his father cannot lend him money this year. The Debtor has made some efforts to secure loans or credit for 1988, without success. The net operating balance for 1987 is roughly equal to the amount the Debtor estimates he will pay in 1988 for 1987 taxes, living expenses and operation expenses.

3. The Trustee contends that part of the 1987 net operating balance should go to unsecured creditors rather than entirely to the Debtor's 1988 expenses. The Trustee contends that the Debtor should finance his 1988 operations in part through credit, arguing that Chapter 12 was not intended to eliminate a farmer's need to borrow. The Debtor argues that one reason for his troubled financial situation was being overextended and that he should not have to incur credit obligations he may not be able to pay.

4. If the Trustee or any unsecured creditor objects, a Chapter 12 plan cannot be confirmed unless it provides that all of the Debtor's projected disposable income to be received during the term of the plan will be applied to make payments under the plan. 11 U.S.C. section 1225(b)(1)(B). Disposable income is defined as income that is not reasonably necessary for the maintenance or support of the debtor or a dependant of the debtor or for expenditures necessary for the continuation, preservation and operation of the debtor's business. 11 U.S.C. section 1225(b)(2). This definition closely tracks the definition of disposable income in 11 U.S.C. section 1325(b)(2), applicable to Chapter 13 cases.

5. The Trustee has cited and the Court has found no authority, under Chapter 12 or Chapter 13, addressing the question of whether a debtor may be required to operate in part on credit to free funds for distribution to unsecured creditors as disposable income. The Court believes such a requirement would impede the congressional goal of enabling debtors to reorganize successfully. For reorganization to succeed, a farmer will most likely have to break the chain of borrowing that contributed to his financial distress. Under Chapter 12, the Court therefore interprets disposable income to mean that part of net operating income above what is reasonably necessary to pay the upcoming year's expenses without obtaining credit.

6. Applying this conclusion to the facts adduced at the hearing, the Court finds that the Debtor has no disposable income from 1987 for distribution to unsecured creditors. Accordingly, the Trustee is directed to accept the Debtor's estimates of 1988 operating expenses.

SO ORDERED.